UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| KEITH A. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 15-376-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FEDEX EXPRESS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant FedEx Express' ("FedEx") motion for summary judgment regarding Plaintiff Keith Adams's ("Adams") claims for discrimination and retaliation in connection with his termination. [Record No. 30] FedEx asserts that this action is time barred because Adams failed to file within the deadline established by the contractual limitations period provided in the parties' agreement. It further contends that Adams's claims for discrimination and retaliation fail as a matter of law. Because Adams's claims are time barred, the Court will grant FedEx's motion.

**I.**

Adams was employed by FedEx beginning in 1999. [Record No. 30, Ex. 9] In connection with his application for employment, Adams signed an Employment Agreement containing the following contractual limitations provision:

> To the extent the law allows an employee to bring legal action against Federal Express, I agree to bring that complaint within the time prescribed by law or 6 months from the date of the event forming the basis of my lawsuit, whichever expires first.

[*Id*. at 8]  The heading of the Employment Agreement directs the applicant to "PLEASE READ AND SIGN."  [*Id*. at 7]  It concludes with an acknowledgement by the employee that "I have read this entire Agreement, which consists of 2 pages, and I thoroughly understand its content." [*Id*. at 8]  This acknowledgement is immediately followed by Adams's signature.  [Record No. 8, p. 6; Record No. 9, p. 8]

In October 2014, Adams developed concerns with management that he sought to address through the internal complaint procedures provided to FedEx employees.  On October 9, 2014, Adams contacted his human resources representative to oppose his managers' decision to give "a prime vacation week to a less[] senior employee," rather than permitting employees to bid on the vacation time according to seniority.  [Record No. 38, Ex. 6]  Five days later, Adams submitted an internal complaint with FedEx, called an Open Door.  [Record No. 30, Ex. 9, p. 24]  In this complaint, he identifies the Open Door Issue as "Best Practices," and expresses concern that he should have been given a particular shift, but that his manager instead gave that shift to a less senior person.  [*Id*.]

On October 15, 2016, Adams violated FedEx's reduced-rate shipping policy.  FedEx provides a reduced-rate shipping discount that is limited to employees, employees' spouses, and employees' dependent children under 25 years-of-age.  [Record No. 30, Ex. 9, p. 39] FedEx's People Manual informs employees that violations of this policy may result in "severe disciplinary action up to and including termination . . ."  [*Id*. at 29]  Adams signed an acknowledgment of the reduced-rate shipping policy and has since confirmed that he was aware of its terms.  [Record No. 30, Ex. 8, p. 19; Record No. 30, Ex. 9, p. 38]  Nonetheless, he gave the discount to the friend of a co-worker, knowing that the person did not qualify for the discount.  [Record No. 30, Ex. 8, p. 20]  FedEx suspended Adams for the violation,

investigated the incident, and ultimately decided to terminate him and the co-worker who requested the discount. [Record No. 30, Ex. 9, p. 22; Record No. 30, Ex. 7, p. 2]

Following his termination, Adams began filing claims arguing that his termination was motivated by discrimination and retaliation. On October 24, 2014, Adams filed an internal complaint with FedEx through its Guaranteed Fair Treatment/Equal Employment Opportunity Procedure. [Record No. 30, Ex. 5, p. 3] Adams alleged in this complaint that management unfairly terminated him based on race. [Record No. 30, Ex. 9, p. 41] FedEx investigated the incident and concluded that the termination was not motivated by either discrimination or retaliation and declined to take any corrective action. [Record No. 30, Ex. 5, p. 3]

On January 7, 2015, Adams filed a complaint with the Equal Employment Opportunity Commission, alleging discrimination and retaliation in connection with his termination. [Record No. 38, Ex. 2] On August 27, 2015, the Commission ultimately declined to pursue Adams's claim against FedEx, but notified Adams that he had the right to sue under federal law pursuant to Title VII and was required to pursue these claims in federal or state court within 90 days of receiving the notice. [*Id.*] Adams filed his Complaint against FedEx in Kentucky state court on November 16, 2015. [Record No. 1, Ex. 1] In this Complaint, he alleges that FedEx wrongfully terminated him on the basis of discrimination and retaliation in violation of Kentucky law (specifically, KRS 344.040). [*Id.*] On December 18, 2015, FedEx removed the action to this Court. [Record No. 1]

## II.

FedEx contends that it is entitled to summary judgment on all of Adams's claims. [Record No. 30] Summary judgment is appropriate when there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law. Fed.

-3-

R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

### III.

FedEx argues that Adams's claims are time barred under the contractual limitations provision contained in the agreement that Adams signed in connection with his application for employment. As outlined above, Adams agreed that:

> To the extent the law allows an employee to bring legal action against Federal Express, I agree to bring that complaint within the time prescribed by law or 6 months from the date of the event forming the basis of my lawsuit, whichever expires first.

[Record No. 30, Ex. 9, p. 8]

Because this action is before this Court on the basis of diversity jurisdiction, the state's substantive law regarding contract interpretation applies. *See JPMorgan Chase Bank, N.C. v. Winget*, 602 Fed. Appx. 246, 255 (6th Cir. 2015) (citation omitted). Generally, under Kentucky law, "where there is no statute prohibiting the contractual shortening of periods of limitations . . . contractual limitations are valid and not in conflict with statutes prescribing

longer periods of limitation." *Webb v. Kentucky Farm Bureau Ins. Co.*, 577 S.W.2d 17, 18 (Ky. Ct. App. 1978); *see also Munday v. Mayfair Diagnostic Laboratory*, 831 S.W.2d 912 (Ky. 1992) ("Parties are at liberty to contract for a limitation period less than the period fixed by statute").

Contractual limitations provisions that are not prohibited by statute are enforceable as long as they are reasonable. *See Webb*, 577 S.W.2d at 19 (stating that "so long as [the limitation] was reasonable," it would be enforced). To determine whether a contractual limitation period is reasonable, Kentucky courts look to the circumstances surrounding the claim. For example, in *Gibbons v. Kentucky Farm Bureau Mut. Ins. Co.*, No. 2014-CA-001241-MR, 2016 WL 3176440, at *2 (May 27, 2016), the court upheld a one-year limitations provision in an insurance contract after concluding that it was not unreasonable "under the circumstances of [the] case." The court based this conclusion on the fact that, from the time that the insurer denied the claim, the plaintiff "had almost two months to file a complaint against [the insurer] before expiration of the one-year contractual limitations period." *Id*.

Here, the parties' contractual limitations period which Adams signed and to which he agreed to be bound is enforceable under Kentucky law. The statutory limitations period for Adams's claim was replaced with the shorter six-month period provided in the contract. Neither the statutory limitations provision nor the provision under which Adams filed his claim prohibits parties from agreeing to shorten the statutory limitations period. *See* KRS §§ 344.040, 413.120. Accordingly, under Kentucky law, the limitation provision is enforceable, provided that it is reasonable. And such a provision is reasonable and enforceable under Kentucky law.

The court's discussion in *Gibbons* demonstrates that whether a limitations period is reasonable depends largely on whether the period gives the litigant a sufficient amount of time within which to bring his claim. In *Tompkins v. Federal Express Corp.*, No. 2:09-cv-02073, 2010 WL 1780232 at *2 (W.D. Tenn. Apr. 30, 2010), the court considered the FedEx contractual limitations provision at issue in this case and upheld it as reasonable. In reaching this conclusion, the court stated that "the limitations period is reasonable under the circumstances of [the] case because six months was enough time for Plaintiff to learn of his discharge, investigate the circumstances of that event, and file a complaint." *Id.*; *see also Thurman v. DaimlerChrysler*, 397 F.3d 352, 353 (6th Cir. 2004) ("[T]here is nothing inherently unreasonable about a six-month limitations period contained in an employment agreement"); *Thornton v. Western & Southern Financial Group Beneflex Plan*, 797 F. Supp. 2d 796, 809 (W.D. Ky. 2011) ("[T]he six-month limitations period in the employment agreement is reasonable").

A six-month limitations period is also reasonable under the facts presented here. Six months was sufficient for Adams to learn of his termination, investigate the surrounding circumstances, and file a complaint. Nothing in the record indicates that anything unique in Adams' case would have prevented him from filing his complaint within this period. Indeed, the fact that Adams filed an EEOC complaint within the limitations period indicates that six months was enough time for him to have initiated a judicial proceeding. Accordingly, the six month limitations period is reasonable and enforceable under Kentucky law. Because Adams did not file his complaint until over a year after his termination, his claims are time barred.

While Adams concedes that the six-month limitation period that he signed is reasonable and enforceable, he contends that his Complaint was timely because he filed his EEOC

complaint within the six month period and then filed the present action in state court within the timing limitations provided by the Notice of Suit Rights that the EEOC sent to him. Adams does not elaborate on his assertion that his filing of an EEOC Complaint within the limitations period qualifies as his filing the present action within the limitations period, so the legal basis for asserting that he has complied with the limitation provision is unclear. However, the argument that the Court assumes that Adams makes fails.

First, the filing a complaint with the EEOC does not satisfy the requirement that an employee file a legal action within six months of the incident giving rise to the claim. In *Aytes v. Fed. Express Corp.*, No. 5:10-cv-230-KSF, 2012 U.S. Dist. LEXIS 69849 (E.D. Ky. May 18, 2012), the plaintiffs had filed their lawsuit outside the six-month limitation period provided by the FedEx Employment agreement which was identical to the provision at issue in this case. Like Adams, the plaintiffs argued that they had complied with the limitations provision by filing an EEOC claim. *Id*. at *29. The court rejected that argument. It found that filing an EEOC claim does not satisfy the limitations provision's requirement because the provision requires the filing of a "legal action" and "complaint" and "lawsuit." *Id*.; *see also* [Record No. 30, Ex. 9, p. 8] The court concluded that these terms apply exclusively to a "judicial proceeding." Thus, the filing of an administrative claim does not qualify as filing the "legal action" that the provision requires. *Id*. As a result, the court concluded that the plaintiffs had not complied with the limitations period by filing an EEOC claim. *Id*.

Additionally, even if filing the EEOC claim had complied with the limitations provision, this would not require a conclusion that the action currently before this Court also satisfies the requirements of that provision. Adams seems to argue that his EEOC claim and the claim before this Court constitute a single proceeding and, therefore, whether he complied

with the limitations provision is determined by reference to the date that he initiated the proceeding by filing his EEOC complaint.  This argument may have had merit if Adams had filed his current claims under Title VII.  Once an individual files a Title VII claim with the EEOC, the EEOC "retains 'exclusive' jurisdiction over the subject matter of that charge" for 180 days and the individual is not permitted to file a Title VII claim "during that period without authorization from the EEOC . . . ."  *E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999).  As a result, Adams would not have been permitted to file his claim until he received the Notice of Suit Rights from the EEOC.  And arguably, may have complied with the limitations provision by not filing the present action until that time.

But Adams did not file claims under Title VII.  Instead, he filed claims in state court under the Kentucky civil rights statutes (specifically, KRS 344.040).  The EEOC's exclusive jurisdiction had no impact on these state law claims because its exclusive jurisdiction applies only to federal claims.  Adams did not need the EEOC's authorization to file his state law claims.[1]  As a result, Adams's state law claims were entirely distinct from his proceedings before the EEOC and Adams could have filed them at any time after the alleged discrimination and/or retaliation occurred.  Indeed, because they were distinct proceedings, the limitations provision required that he file his state law claims within the limitations provision, and this requirement was unaffected by the filing of an EEOC claim.  Because Adams did not file his state law claims within the limitations period, they are time barred.

---

[1] This conclusion is supported by the fact that the EEOC's Notice of Suit Rights does not mention state law claims and specifically states that it gives the recipient now has the right to bring claims under federal law: "You may file a lawsuit against the respondent(s) *under federal law* based on this charge in federal or state court."  [Record No. 38, Ex. 2]

**IV.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Defendant FedEx's Motion for Summary Judgment [Record No. 30] is **GRANTED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A separate Judgment will issue this date.

This 24th day of October, 2016.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge